SUPERIOR COURT
OF THE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

March 29, 2018

Matthew M. Phlipot
SBI # 00595824
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

      RE: *State of Delaware v. Matthew M. Phlipot,*
         Def. ID# 0903021873

DATE SUBMITTED: March 23, 2018

Dear Mr. Phlipot:

Defendant Matthew M. Phlipot ("Defendant" or "Phlipot") has filed his third Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] In addition, Defendant has filed a Motion to Proceed in Forma Pauperis and a Motion for Exculpatory Evidence. For the reasons expressed below the motions are **DENIED**.

On June 10, 2010, after a jury trial, Defendant was found guilty of two counts of Rape in the Fourth Degree, six counts of Witness Tampering, 27 counts of Criminal Contempt/Disobedience, and one count of Falsely Reporting an Incident. In this Postconviction Motion Defendant does not mention the Witness Tampering or Criminal Contempt charges, his only grievances concern the Rape in the Fourth Degree charges. On August 10, 2010, Defendant was sentenced as follows: for the first

---

[1] The applicable version of Rule 61 is that effective on June 4, 2014, as amended by an order of this Court dated March 23, 2017.

count of Rape in the Fourth Degree, five years at Level Five; and for the second count of Rape in the Fourth Degree, 15 years at Level Five, suspended after five years and the successful completion of Family Problems for ten years at Level Four home confinement or work release, suspended after six months for two years at Level Three.[2] Defendant filed an appeal to the Delaware Supreme Court on September 9, 2010. The Supreme Court affirmed the conviction on May 3, 2011.[3]

On March 2, 2012 Defendant filed his first Postconviction Motion. On December 13, 2012, Judge Herlihy denied the Motion.[4] On April 25, 2013, that decision was affirmed by the Delaware Supreme Court.[5] Additionally, Defendant filed an Application for Writ of Habeas Corpus in Federal Court. On April 27, 2015, the Application was determined to be time-barred and, therefore, denied.[6] No certificate of appealability was issued.[7]

On March 16, 2017, Defendant filed his second Motion for Postconviction Relief. On May 24, 2017, the Motion was denied.[8] That decision was affirmed by the Delaware Supreme Court on July 14, 2017.[9]

On March 23, 2018, Defendant filed his third Motion for Postconviction Relief. He makes two claims: (1) that the Preliminary Report to the Delaware General Assembly's Criminal Justice Improvement Committee dated March 31, 2017 states the age of consent is Delaware is 16, thereby rendering the sexual conduct between Defendant and the victim legal; and (2) that the State did not provide Defendant with phone records showing the victim was in Maryland on the night of the alleged rape, which could have exculpated Defendant.

---

[2] On August 10, 2010, Defendant was also sentenced for the six counts of Witness Tampering and the 27 counts of Criminal Contempt.
[3] *Phlipot v. State*, 19 A.3d 302, 2011 WL 1716366 (Del. May 3, 2011).
[4] *State v. Phlipot*, 64 A.3d 856 (Del. Super. Ct. 2012).
[5] *Phlipot v. State*, 65 A.3d 617, 2013 WL 1798946 (Del. Apr. 25, 2013).
[6] *Phlipot v. Johnson*, 2015 WL 1906127, at *7 (D. Del. Apr. 27, 2015).
[7] *Id.*
[8] *State v. Phlipot*, 2017 WL 2266836 (Del. Super Ct. May 24, 2017).
[9] *Phlipot v. State*, 2017 WL 3014434 (Del. July 14, 2017).

The first step in evaluating a motion under Rule 61 is to determine whether any of the procedural bars listed in Rule 61(i) will force the motion to be procedurally barred.[10] Both Rule 61(i)(1) and (2) require this motion to be summarily dismissed. First, a motion for postconviction relief cannot be filed more than one year after the judgment is final.[11] Given that Defendant's conviction was final on May 3, 2011, his motion is time-barred. Additionally, any successive motion for postconviction relief is barred by Rule 61(i)(2) unless the Defendant has:

(i)     [pled]...with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which [he] was convicted; or

(ii)    [pled]...with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the

---

[10] Super. Ct. Crim. R. 61(i) provides:

(i) Bars to Relief. (1) *Time limitation.* A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

(2) *Successive motions.* (i) No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule. (ii) Under paragraph (2) of subdivision (b) of this Rule, any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. That a court of any other sovereign has stayed proceedings in that court for purpose of allowing a movant the opportunity to file a second or subsequent motion under this rule shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

(3) *Procedural default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.

(4) *Former adjudication.* Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

(5) *Bars inapplicable.* The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

[11] *See* Rule 61(i)(1)

3

Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[12]

Defendant has failed to make this showing. With regard to his first argument, no new rule of constitutional law has been applied retroactively to Defendant's criminal conduct. Defendant only refers to a Preliminary Report on age of consent. There have been no changes to the applicable law; nor was there a misapprehension of law at the time of conviction.

Defendant's second argument also fails. The only way for Defendant to overcome the bar found in Rule 61(i)(2) would be to show that new evidence exists that creates a strong inference he is actually innocent of the charges for which he was convicted. Given that the victim was unsure whether the rape happened on a Wednesday or Thursday night, the whereabouts of the victim on *one* of those nights does not create a strong inference of innocence. In short, Defendant has not pled with particularity that new evidence exists which would prove his actual innocence. He merely wishes to engage in a fishing expedition to find any information he believes will favor his position. Therefore, Defendant's Motion is summarily dismissed.

Considering the foregoing, Defendant's Motion for Postconviction relief is **DENIED**. As Defendant's Motion for Postconviction relief is denied, Defendant's Motion to Proceed in Forma Pauperis and Motion for Exculpatory Evidence are also **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office
David Hume, Esq.
Bernard J. O'Donnell, Esq.
Edward C. Gill, Esq.

---

[12] *See* Rule 61(i)(2); 61(d)(2)(i), (ii).

4